GULF, C. & S. F. RY. CO. v. CURB et al.

(Circuit Court of Appeals, Eighth Circuit. January 7, 1895.)

No. 425.

PRACTICE—REMARKS OF COUNSEL IN ARGUING TO JURY—NEW TRIAL.

A new trial will not be granted on the ground of improper argument to the jury because plaintiff's counsel, in an action against a railroad company for personal injuries, said to the jury: "J. tells you that this woman is suffering from common female troubles. If J. believes this, why did he not have Dr. B. examine this woman?"—though the defendant had no

right to require the plaintiff to submit to an examination; nor because such counsel stated in his argument that the defendant's counsel had outraged decency, and purposely humiliated the plaintiff and her husband by inquiring into their marital relations, especially when the cross-examination of the plaintiff has been carried beyond the bounds of propriety, if not of decency.

In Error to the United States Court in the Indian Territory.

J. W. Terry, P. L. Soper, and C. L. Jackson filed brief for plaintiff in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was commenced in the United States court in the Indian Territory by W. R. Curb and Rosella Curb, husband and wife, against the Gulf, Colorado & Santa Fé Railway Company, to recover damages for a personal injury received by Mrs. Curb while a passenger on one of the defendant's trains. The plaintiff recovered a judgment below, and the defendant sued out this writ of error. But two errors are assigned, and they both relate to remarks of plaintiff's counsel in addressing the jury. In the course of his argument, plaintiff's counsel said to the jury: "Cliff Jackson tells you that this woman is suffering from common female troubles. If Cliff Jackson believes this, why did he not have Dr. Booth and Dr. Bogie examine this woman?" Exception was taken to this remark, and the court asked to inform the jury that they should not consider it, because the defendant had no right to require the plaintiff to submit to an examination at the hands of its physicians. To this request the court replied that it was legitimate argument in answer to the argument of the defendant's counsel, but could not be considered as evidence. The other remark to which exception is taken is thus stated in the bill of exceptions: "Counsel for plaintiff, Mr. Cruce, in his closing argument, stated that, not only had this railroad company injured Mrs. Curb, but that their attorney had outraged decency, and purposely humiliated this woman and her husband before the jury by inquiring into their personal and marital relations." Defendant's counsel objected to this remark, which objection was by the court overruled. In reference to the last exception, we remark that the cross-examination of Mrs. Curb was carried much further than was necessary to a full elucidation of the facts about which she was examined, and, in our opinion, beyond the bounds of propriety, if not of decency, and merited the criticism passed upon it by plaintiff's counsel.

In recent years the reversal of cases for supposed improper remarks of counsel has sometimes been carried to very extravagant lengths. The grounds upon which such rulings are supported are: First, that it is the duty of the court, by such discipline, to compel lawyers to conform to a high and elevated standard in the advocacy of their clients' causes; and, second, that juries are composed of ignorant and credulous men, who will believe every false, fallacious, or extravagant statement of counsel, unless they are admonished by the court not to do so. An elevated standard of advocacy on the

part of the bar is certainly desirable, but, if any one is to be punished for falling below the ideal standard, it should be the lawyer, and not his client. By the time the questionable arts of the advocate, which are practiced to persuade and delude the judge as well as the jury, are eliminated from the profession, there will be little use for lawyers; the millennium will have come. The assumption of the courts that jurors are so weak, ignorant, and inexperienced as to fall an easy prey to the arts of the unscrupulous counsel is a grave error. They are as little liable to be played upon by false logic and misrepresentations of the evidence as the judge on the bench. There is no occasion "for a refining machine at their elbow" to sift the false from the true in the evidence, or to detect chicanery, falsehood, or fallacy in the argument of counsel. The jurors are quite as able to protect themselves from such influences on the facts of the case as the court is on the law, and every ruling which proceeds upon the idea that juries are destitute of common sense, unacquainted with the affairs of the world, and ignorant of the arts and methods of lawyers, is unsupported by fact or experience. A trial has relation to a dispute between the parties to the suit, growing out of their acts or contracts. It commonly concerns the ordinary affairs of life. It should not, therefore, be a mysterious or refined proceeding. It ought to be a very practical thing, and within the comprehension of men possessed of common sense and practical knowledge of the affairs of life; and, when properly conducted, it is so. Whenever a trial is conducted on any other theory, there is apt to be a miscarriage of justice. A verdict ought not to be set aside because the winning party did not have an ideal lawyer to argue his cause, or on the false assumption that the jury was destitute of common sense, and had such slight knowledge of the methods of lawyers as to fall an easy prey to their fallacious or false suggestions. But, however this may be, the trial judge, who hears and sees all that occurs at the trial, is in a much better position than the appellate court to determine whether he should interfere because of alleged improper acts or remarks of counsel. It is a matter relating to the decent and orderly conduct of the trial, and as such within the sound discretion of the trial court; and it is only when such discretion has clearly been abused, to the prejudice of the complaining party, that the appellate court will interfere. Huckshold v. Railway Co., 90 Mo. 548, 2 S. W. 794. "It will not, in any case, be presumed that the discretion over this subject, committed to the trial court, has been abused." Railroad Co. v. Myers, 11 C. C. A. 439, 63 Fed. 793, 798. The judgment of the court below is affirmed.