DAVID ALLEN, Minor, by WILLIAM ALLEN, His Next Friend, v. THE AMES COLLEGE RAILWAY COMPANY, Appellant.

Contributory Negligence: INFANTS: *Jury question.* Whether a boy six years old was guilty of contributory negligence in going in front of a moving train at or near a street crossing was properly submitted to the jury, under an instruction holding him to such care as might reasonably be expected, under the circumstance from a child of his age.

SAME. Whether a railway company was negligent in backing a coach across a street without giving a signal or alarm and without having a lookout on the coach is a question of fact for the jury.

HARMLESS ERROR. Admission of evidence that parents of plaintiff, a six-year-old boy, carefully endeavored to guard against his having to cross by himself a railroad track where he was injured, on the way from school, is harmless error, where the jury was charged that it was plaintiff's want of care contributing to the injury which would bar recovery, and thus, inferentially, that the parents' care was immaterial.

Evidence: CARLISLE TABLES. The Carlisle tables are admissible in evidence where the plaintiff's injury is permanent and his expectancy of life is a material inquiry.

Appeal: ABSENCE OF TRIAL JUDGE. The absence of the trial judge during the argument of the cause, although improper, is not ground for reversal unless it affirmatively appears that the appellant was prejudiced thereby.

EXCESSIVE VERDICT. A verdict of seven thousand dollars awarded a child injured by a passenger coach which was backed across the street will not be disturbed where pain and suffering was an element of damages in addition to the actual disfigurement and loss of actual earning capacity.

REVIEW OF CONFLICT. A verdict based on conflicting evidence will not be disturbed on appeal.

REFUSAL OF INSTRUCTIONS. · Refusal to give requested instructions is not error, where they are substantially and clearly embodied in those given.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, OCTOBER 26, 1898.

ACTION at law to recover damages for injuries sustained by plaintiff growing out of the alleged negligence of the defendant in backing its train upon him without warning or signals, and without having a lookout at the rear end of the train. Trial to a jury, resulting in a verdict and judgment for plaintiff in the sum of seven thousand dollars. Defendant appeals.—*Affirmed.*

*McCarthy & Lee* and *J. L. Carney* for appellant.

*G. A. Underwood* and *J. F. Martin* for appellee.

DEEMER, C. J.—Defendant is a railway corporation operating a line of road about two miles long between the city of Ames, in Story county, and the State Agricultural College. Its motive power is steam, and it not only transports passengers, but is a carrier of freight as well. One of its terminals and its depot and train shed is adjacent to what is known as "Onondaga Street," in the city of Ames. This street runs nearly east and west, and is intersected just west of the depot by what is known as "Duff Street." David Allen, the plaintiff, a boy of about six years of age, was passing west along or near Onondaga street, going from school to his home, when he was struck by a coach which was being backed from the train shed out onto the main line of the defendant's road. Prior to the time the car was set in motion it had been standing partially in the street, with the engine so attached as to push it out onto the main line. It is claimed that the engineer gave no signal or alarm before starting, and the company was negligent in not having a lookout upon the coach. This question of negligence was properly

submitted to the jury, and with its findings we cannot interfere.

Appellant contends that plaintiff was a trespasser at the time he was struck by the train, and that it owed him no duty except the negative one of not injuring him willfully and maliciously. There is much conflict in the evidence regarding the place where the boy was when injured, and it was a fair question for the jury to determine whether he was within the lines of the street, or so close to it as that the company owed him the duty of watchfulness. The jury evidently found that he was within the boundaries of the street, and, as the verdict has substantial support in the evidence, we should not interfere.

Again, it is said that the evidence shows without dispute that plaintiff was a trespasser, and therefore cannot recover. As we have said, there was a conflict in the evidence upon this point, and we do not interfere with the verdict in such cases.

Claim is made that plaintiff was guilty of contributory negligence in going in front of a moving train. As the boy was a mere child, it was a question for the jury to determine whether he exercised such care as might reasonably be expected from a child of his age, under the circumstances disclosed in evidence. This question was properly submitted to the jury, and it evidently found against appellant's contention.

Complaint is made of the court's refusal to give certain instructions asked by appellant, and also of certain instructions given. We need not set them out. The requests, in so far as they contained correct rules of law, were embodied in the charge, and those given enunciated the rules applicable to such cases in a clear and comprehensive manner.

Error is predicated upon the admission of the Carlisle tables in evidence. We think they were properly received. The injury was permanent, and plaintiff's expectancy of life was a material inquiry. *Knapp v. Railroad Co.,* 71 Iowa, 41. The case of *Nelson v. Railroad Co.,* 38 Iowa, 564, relied upon by appellant, was overruled by the *Knapp Case.*

Mrs. William Allen, the plaintiff's mother, was allowed to testify, over defendant's objections, that she had tried to arrange to have David kept at school with the other children, so that he would not have to come home alone. We then find this in the record: "Q. What had you done in that regard? A. I had sent with the children, and asked Miss Watts to have him go in some other room, and wait, so our children could accompany him. She said that it was against the rules. (The defendant objects as incompetent and immaterial, and moves to strike out the answer for the same reason. Motion denied, and defendant excepts.)" This also appears in the record in connection with Lizzie Allen's evidence: "Q. What was the practice of your people about letting David go up town alone? (Objected to as incompetent, immaterial, and rebuttal. Overruled, and defendant excepts.) A. Well, we did not let him go up town alone. On the way to school he went with the other children. Q. How did he happen to come home from school alone? (Same objection. Overruled, and defendant excepts.) A. Because the other children were kept in an hour or so later than he was. Q. Is it the custom there at this school to dismiss the little ones earlier than the others? (Objected to as incompetent, immaterial, irrelevant, and there is no custom pleaded. Overruled, and defendant excepts.) A. Yes, sir." It is manifest that each and all of these rulings were erroneous. The evidence was offered in rebuttal, but we find nothing which it rebuts. Again, the care exercised by the parents or relatives of plaintiff was wholly immaterial to any issue in the case. We are of opinion, however, that the error was without prejudice, for the reason that the court instructed the jury that it was plaintiff's want of care contributing to his injury which would bar him of recovery. True, nothing was said in the charge about his parents' duty. But the necessary inference to be drawn from the charge was that it was plaintiff's want of care alone which would constitute contributory negligence, and that the care exercised by his parents, or the want of it, was an immaterial matter.

II.   Appellee's counsel in his closing argument referred to a number of cases decided by this court in which verdicts for large amounts have been permitted to stand.   Objection was made to this line of argument, but, as the presiding judge was absent from the room, he had to be called, that the matter might be considered.   After due deliberation, the court held that the argument was improper, and directed the jury not to consider it.   As we understand it, a further colloquy was had between counsel, after the judge had returned to the room, over what had been done in some other cases.   It is insisted that the case should be reversed because of the absence of the judge during the argument of the case.   We have already condemned such practice.   *State v. Carnagy,* 106 Iowa, 483.   But we further said in that case that, if it is satisfactorily appears that no prejudice resulted, the case will not be reversed for this ground alone.   It affirmatively appears that no prejudice resulted in this case; indeed, counsel for appellant does not contend that there was any.

III.   We are asked to reduce the verdict.   While it is quite large, yet we are not justified in disturbing it.   Pain and suffering was an element of damage in addition to the actual physical disfigurement and loss of earning capacity, and we cannot interfere.   There are no prejudicial errors, and the judgment is AFFIRMED.