GEORGE F. GORHAM v. SIOUX CITY STOCK YARDS COMPANY,
Appellant.

Personal Injury:  EVIDENCE:  NEGLIGENCE:  ASSUMPTION OF RISK.
1   Evidence in the case considered and held:  That the questions of negligence, contributory negligence and assumption of risk were properly submitted to the jury.

| 118 | 749 |
| 123 | 452 |

| 118 | 749 |
| 126 | 237 |

| 118 | 749 |
| f141 | 64 |

| 118 | 749 |
| 143 | 601 |

**Misconduct of Juror:** NEW TRIAL. The fact that a juror during the trial took a dose of quinine and whiskey for a severe cold would not justify setting the verdict aside·

**Absence of Judge:** EXTRINSIC MATTER IN ARGUMENT: NEW TRIAL. In civil cases absence from the courtroom of the judge during argument will be presumed to be with the consent of parties, where there is no showing to the contrary, and is not ground for reversal; nor will the denial of a motion for a new trial on the ground that counsel in argument referred to extrinsic matter be disturbed, where there was no effort to correct the error at the time.

*Appeal from Woodbury District Court.*—HON. JOHN F OLIVER, Judge.

SATURDAY, DECEMBER 20, 1902.

ACTION for damages for personal injury. Verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Shull & Farnsworth* for appellant.

*C. A. Irwin* for appellee.

SHERWIN, J.—The plaintiff was a brakeman on the defendant's train in its yard at Sioux City, and while on duty he was thrown from the ladder of a box car by coming in contact with a post placed by the defendant near its track. The plaintiff was familiar with the yard and tracks, and knew that the defendant was preparing to erect a stock chute across them by digging post holes at different points near the tracks. He did not know, however, that the posts were to be placed so near any of the tracks as to become dangerous to those whose duty it was at times to pass up and down the ladders on the sides of cars. The post with which he collided was about eight inches square, seven or eight feet high, and stood about three feet and

*1. EVIDENCE: negligence: assumption of risk.*

eight inches from the rail. It was set at about five o'clock in the afternoon of the 20th of December, and at half past six o'clock of the same evening the plaintiff was injured. The evidence tends to show that an ordinary box car extends over the side of the rail some twenty-seven inches, and that a post within four feet of the rail was dangerous. Shortly before the accident, the plaintiff passed this post standing on the footboard of an engine, and was then some ten feet from the post. It was very dark, and as the enigne was moving through the yard the plaintiff was on the lookout for obstructions on the track, and did not notice the nearness of the post to the track. It is argued that because the plaintiff saw, or might have seen, this post at the only time he passed it after it was set, he assumed the risk of its being there, and was also guilty of contributory negligence in getting down the side of the car at that point. It was no part of the plaintiff's duty to oversee the setting of this post, or to go to it at once after it was set to ascertain whether it was in dangerous proximity to the track. He had the right to assume that it would be placed at a safe distance from passing cars. *Blazenic v. Coal Co.*, 102 Iowa, 706. The questions, therefore, of negligence, contributory negligence, and assumption of risk were for the jury under the well settled holdings of this court.

II. There was no error in refusing a new trial on account of the misconduct of one of the jurors. The evidence before the court on the question of his intoxication 2. MISCONDUCT fully justified the ruling. The admission of of juror: new trial. the juror that he took a dose of quinine and whisky for a severe cold would not alone justify the setting asi e of the verdict. *State v. Murphy*, 33 Iowa, 270.

III. The court seems to have stated the reasons for one of its rulings more at length than was absolutely necessary, but we do not think this could have been prejudicial to the defendant. The record fails to show why the

court thus elaborated, but we presume that it was proper, and called for by the exigencies of the occasion.

IV.   The judge was in an adjoining room, preparing his instructions, during at least a part of the argument of the case, and this is assigned as reversible error.   The

3. ABSENCE of judge: extrinsic matter in argument: new trial.

specific ground upon which it is based is that appellee's counsel in argument referred to extrinsic matter.   But it is not made to appear by any sort of evidence that the remark was not called for by something that had previously occurred in the trial; nor was the judge recalled, or any attempt made to have the error, if any there was, corrected at that time; nor does it seem to have been called to his attention until the motion for a new trial was filed.   When counsel are guilty of misconduct in arguing a case to the jury, whether in the presence of the judge or in his absence, there ought to be at least an attempt made to correct the error at the time, and, when this is not done, we will not, in a civil case, disturb the ruling of the court on a motion for a new trial based thereon, unless prejudice clearly appears.   *Allen v. Railway Co.*, 106 Iowa, 602. Futhermore, in civil cases, in the absence of any showing to the contrary, we will presume that the judge was absent with the consent of the parties, and, where this is the case, his absence is not alone ground for reversal.   See *State v. Hammer*, 116 Iowa, 284.

We think the instructions given by the court fairly and fully covered the case, and discover no error in any of them.   The law applicable to the cases embodied in the instructions asked was fully covered by those given by the court.   The special interrogatories asked were substantially given.   The motion to strike the appellee's amended abstract is sustained and the cost thereof will be taxed to him.   The judgment is AFFIRMED.