SPENGLER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. PRACTICE: Punitive Damages: Instruction. In an action for damages for personal injuries, an erroneous instruction in relation to punitive damages will not cause a reversal where the jury rendered a verdict for compensatory damages only.

2. PERSONAL INJURIES: Measure of Damages: Medical Attendance. In an action for personal injuries, an obligation incurred for medicine and medicinal treatment, whether already discharged or not, may be taken into consideration by the jury in assessing damages.

3. ———: ———: ———: Variance. Where the petition alleges the expenditure of money for medicine and medical treatment, evidence that a bill had been incurred for the same, but not paid, is not admissible.

4. ———: ———: ———: ———: Timely Exception. But a judgment will not be reversed on account of such evidence, where no objection was made to its reception at the time, because if such objection had been made the petition could have been amended.

5. Practice: Remarks of Counsel: Timely Exception. The course to be taken by a trial court when statements of an attorney in his argument to the jury are excepted to is largely one of discretion. In order to make available an error on account of such language, the attention of the trial court must be directed to it so distinctly that it may rule on it and an exception to the ruling must be saved.

6. ———: ———: ———: Opportunity to Except. Where the objectionable remarks were made in so low a tone that they were not heard by the judge nor appellant's attorney, although he knew something was being said and complained that he was unable to hear what was said, but did no more, the appellate court will not review the alleged error complained of on account of such objectionable remarks.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The court erred in giving plaintiff's instruction 7 as to the measure of damages. Duke v. Railway, 99 Mo. 347, 12 S. W. 633; Robertson v. Railroad, 152 Mo. 382, 53 S. W. 1082; Muth v. Railway, 87 Mo. App. 422; Waldopfel v. Transit Co., 102 Mo. App. 524, 77 S. W. 128. (2) The petition alleged that plaintiff had been compelled to expend large sums of money for medicines, medical and surgical attendance and appliances and there was no evidence in support of the allegation. Dr. Jordan testified that he funished the appliances and medicines required by plaintiff, and that the value of his services was $150. There was no other evidence on this subject, and nothing whatever to show that plaintiff had expended any sum for medicines or medical services. The jury, therefore, should not have been directed to allow her compensation therefor. The motion for a new trial should have been sustained on account of misconduct of plaintiff's counsel in commenting on excluded testimony, in stating as evidence that which was not evidence, and in making argument which had no evidence to support it, whereby the minds of the jurors were inflamed and biased against defendant to its prejudice. Thompson on Trials, secs. 958-969; Marble v. Walters, 19 Mo. App. 134; Gibson v. Zeibig, 24 Mo. App. 65; Bishop v. Hunt, 24 Mo. App. 373; McDonald v. Cash et al., 45 Mo. App. 66; Smith v. Telephone Co., 55 Mo. App. 626; Ensor v. Smith, 57 Mo. App. 584; Massengale v. Rice, 94 Mo. App. 430, 68 S. W. 233; Brown v. Railroad, 66 Mo. 599; Ritter v. Bank, 87 Mo. 574; Haynes v. Town of Trenton, 108 Mo. 123, 18 S. W. 1003; Tucker v. Hanneiker, 41 N. H. 317; Berry v. State, 10 Ga. 522; Hall v. United States, 150 U. S. 76.

*Ford Smith* for respondent.

(1)   There was no error in plaintiff's instruction 7 as to the measure of damages.  Schmitz v. Railway, 119 Mo. 277, 24 S. W. 472; Rosenkranz v. Railway, 108 Mo. 15, 18 S. W. 890; Gorham v. Railway, 113 Mo. 421, 20 S. W. 1060; Minster v. Railway, 53 Mo. App. 283; Russell v. Columbia, 74 Mo. 488; Klutts v. Railway, 75 Mo. 644; Murray v. Railway, 101 Mo. 240, 13 S. W. 817; Chartrand v. Railway, 57 Mo. App. 428; Gerdes v. Iron and Foundry Co., 124 Mo. 360, 25 S. W. 557.  In the case of Rosenkranz v. Railway, 108 Mo. 9, damages were allowed for loss of future earnings.  Judge Mc-Farland uses this language: "It is well settled that prospective damages to adults, on account of impairment of earning capacity in the future, is a proper element of damages in cases of personal injuries."  This is cited with approval in the Schmitz case, 119 Mo. —.

(2)   Plaintiff's instruction 8 is a correct statement of the law regarding punitive damages under the evidence in this case.  It was not error to give it or to refuse defendant's instruction 13.  But if error it was harmless and the case will not be reversed therefor.  No punitive damages were given.  Green v. St. Louis, 106 Mo. 458, 17 S. W. 496; Nave v. Adams, 107 Mo. 421, 17 S. W. 958; Brandon v. Carter, 119 Mo. 585, 24 S. W. 1035; Mitchell v. Bradstreet Co., 116 Mo. 244, 22 S. W. 358; Blewett v. Railway, 72 Mo. 584; Kennedy v. Holladay, 105 Mo. 37, 16 S. W. 688; Conrades v. Spink, 38 Mo. App. 312; Erwin v. Ins. Co., 24 Mo. App. 153; Valle v. Picton, 91 Mo. 215, 3 S. W. 860.  (3) No remarks of plaintiff's counsel in his argument afford any ground for reversal.  Churchman v. Kansas City, 49 Mo. App. 370; Dahlstrom v. Railroad, 108 Mo. 540, 18 S. W. 919; Obert v. Strube, 51 Mo. App. 627; State v. Dusenbury, 112 Mo. 293, 20 S. W. 461; Sidekum v. Railway, 93 Mo. 407, 4 S. W. 701; State v. Pagels, 92 Mo. 311, 4 S. W. 931; Railway v. North, 31 Mo. App. 355; State v. Carter, 98 Mo. 181, 11 S. W. 624; Skaggs v. Given, 29 Mo. App. 615; State v. West, 95 Mo. 142, 8 S. W. 354;

Huckshold v. Railway, 90 Mo. 558, 2 S. W. 794; State v. Brooks, 92 Mo. 589, 5 S. W. 257; State v. McDaniel, 94 Mo. 306, 7 S. W. 634; Lloyd v. Railroad, 53 Mo. 514; State v. Howard, 118 Mo. 145, 24 S. W. 41; State v. Latimer, 116 Mo. 526, 22 S. W. 804; State v. Forsythe, 89 Mo. 672, 1 S. W. 834. (4) Appellant, in its motion for a new trial, complains of remarks made by respondent's counsel in his argument to the jury and sets out in the motion for a new trial the remarks which appellant claims respondent's counsel made. But as the remarks claimed to have been made by respondent's counsel in the motion for a new trial are not authenticated by the record they may be dismissed.

GOODE, J.—The respondent was thrown from the step of a street car operated by the defendant company's servants and severely injured. This action for damages followed the mishap. Respondent recovered $2,208.50 as compensatory damages, the jury so stating in the verdict and further, that they assessed no punitive damages. We recite the substance of the verdict because complaint is made here of the trial court's action in refusing to instruct against punitive damages and instructing instead that if the jury found the respondent's injuries were caused by wantonness, recklessness or such gross negligence as to raise the presumption that the operatives of the car were indifferent to consequences, punitive damages might be assessed. No damages of that kind were awarded and appellant's assignment of error on this point is overruled without further examination; as the court's action, whether right or wrong, had no detrimental result. Blewett v. Railroad, 72 Mo. 583.

The instruction on the measure of compensatory damages told the jury, among other things, that they might include in their assessment any expense they believed from the evidence the respondent had incurred for medicine, medical or surgical treatment and appli-

ances. Appellant says that charge was erroneous for the reason that the petition alleged respondent had been compelled to expend money for the items named, whereas, the evidence shows she had not expended any when the trial occurred, but had only incurred an obligation to expend it; a debt for treatment. But in these personal injury actions such an obligation, whether already discharged or not, may be taken into consideration by the jury in assessing damages. Duke v. Railroad, 99 Mo. 347, 12 S. W. 636; Gorham v. Railroad, 113 Mo. 405, 20 S. W. 1060. The precise contention in this connection is, that the averment in the petition of an expenditure of money would not let in evidence that a bill had been incurred but not paid, as was decided in Muth v. Railroad, 87 Mo. App. 422. But no objection was made to the reception of evidence that respondent owed a bill for a physician's attendance, remedies and surgical appliances. On the contrary, Dr. Jordan, who furnished surgical aid and the needed medicines and appliances to the respondent, was permitted, without objection, to testify that the amount of his bill for all those items, was $150. As the petition could have been amended if an objection to this testimony had been made, the judgment should not be reversed because the court took the testimony into consideration in instructing on the elements of damages. In Brown v. Transit Co. (not yet reported), there was no evidence that the drugs for which a recovery was allowed had been paid or that a debt had been incurred for them.

It is insisted that the attorney for the respondent made remarks in his closing argument to the jury which were unseemly and good ground for reversing the judgment. Part of the remarks complained of are shown in the bill of exceptions by an extract from the minutes of the court stenographer. Respondent's attorney was arguing in favor of an award of punitive damages, and in commenting on the instruction of the court in regard

to such damages said to the jury that if they "believed the accident was caused by wantonness, reckless (sic) or such gross negligence as showed an indifference on the part of the employees of the defendant, *you will find punitive damages.*" The court interfered here and told the attorney the instruction did not use the word "will" but "may," and that the wording of the charge would be altered to read: "You, the jury, are at liberty," etc., namely, to give punitive damages. The attorney accepted the rebuke and told the jury they might find punitive damages if they believed facts were in proof which the court had charged would warrant such a finding. In the same connection he immediately spoke as follows:

"Now, I ask you if the only evidence before you tends to show that it was with that recklessness which showed an indifference to consequences. The conductor ringing the bell while plaintiff was still standing on the lower step with her hand on it; the car starting off at full speed; the plaintiff lying on the street liable to be run over, at that time of night, right in front of the crossing, liable to be run over by any team; but the car speeding on, not attempting to stop and assist the plaintiff at all; not attempting to stop and ascertain what her injuries were, caring nothing for the consequences; only to make time, make time though the heavens fall—"

At this point the appellant's attorney interposed an objection which the court sustained, saying there was no evidence the car was behind time. The attorney then continued his argument and said: "There is evidence that they (the carmen) cared nothing for the consequences in going on in that manner, and there is evidence they never will care for the consequences, gentlemen of the jury, so long as they can—" Here appellant's counsel again objected to the speaker's remarks and the court stopped the argument by telling the latter his time had expired. To give a fair un-

derstanding of the last-quoted remarks, it should be stated that there was evidence to show the car from which the respondent fell went on after her fall and while she was lying in the street, without stopping to ascertain how badly she was hurt. It was to that testimony the remarks referred, and without expressing an opinion as to whether they were proper or improper, it suffices to say no exception was saved and, further, that the interference of the court appears to have been satisfactory to appellant's counsel and to have prevented the utterance of anticipated prejudicial language. Another remark, or two others, are said to have followed the foregoing, but to have been uttered in so low a tone the appellant's attorney did not hear them and only learned they had been made after the verdict was in. Whether they were heard by the stenographer or the judge is not shown. It is likely they were not preserved in the stenographer's minutes, for the record presents them in another way, to-wit: by the affidavits of a juror and a bystander. The juror swore respondent's counsel used these words: "This accident was the most brutal thing I ever heard of. The Transit Company does not care whether the people get killed or not so long as the money is going into the pockets of the directors of the company." The bystanders swore to this remark: "And there always will be accidents and injuries to passengers like this until the Transit Company gets more cars and takes time to run them." Only one of those statements, the last one, is complained of in the motion for a new trial, which states that the language was spoken in such a low tone appellant's attorney did not hear it. But he knew something was being said to the jury by the respondent's counsel and complained to the court of being unable to hear what was said, but did no more. He made no request that the remark be repeated or taken down by the stenographer, or that the court rebuke the speaker. No exception was saved, nor indeed, was any ruling

made one way or the other, or insisted on. Appellant's attorney merely said: "I object to that; I can not bear what he is saying to the jury." The argument was at once closed and with it the incident. As the course to be taken by the trial court when statements of an attorney in argument to the jury are objected to, is largely one of discretion, and as we can only put the trial court in the wrong when its discretion is abused, it is necessary to direct that court's attention to the language complained of so distinctly that it may rule on it, and either rebuke the speaker or not as it sees proper. It is necessary too, to take an exception to the ruling if an adverse one is made, or to the failure to interfere if the court says nothing. An assignment of error based on improper argument can not be maintained unless an exception to the court's action is preserved, or, perchance, unless there was no opportunity to save it; and we fail to see how such a contingency as that could happen. State v. Pagels, 92 Mo. 300, 4 S. W. 931; State v. Dusenberry, 112 Mo. 277, 20 S. W. 461.

The judgment is affirmed. All concur.