## CASSINGHAM et al. v. BERRY.

No. 4067—Opinion Filed June 1, 1915.

Rehearing Denied Dec. 4, 1917.

(150 Pac. 139; 168 Pac. 1020.)

**1. Appeal and Error—Presenting Questions in Lower Court—Misconduct of Attorney.**

An assignment of error, based on improper remarks and misconduct of an attorney, cannot be maintained, unless the objections are timely made, and an exception is taken to the ruling of the court if adverse, or to the failure of the court to interfere if the court remains silent when such objection is made.

**2. Physicians and Surgeons—Degree of Care Required—Surgical Operation.**

An action against a surgeon for negligently leaving gauze sponges in the body of the patient upon whom he had operated, which resulted in her death. The defendant is entitled to an instruction on his theory of defense, and it is not error for the court to instruct the jury that, though they believe the defendant did leave the sponges in the body of the patient, and her death was the natural and proximate result thereof, yet if they also believe that, in the performance of the operation, he exercised ordinary care in keeping track of the sponges and seeing to it that they were all removed, before the incision was closed, he could not be held liable for negligence. The gist of such action is not based upon the result of the operation, but upon negligence in its performance, and the rights of the parties must be tested by whether or not the defendant exercised that degree of care in performing the operation that is imposed upon him by law.

**3. Trial — Instructions — Applicability to Pleadings.**

It is not error to refuse to instruct the jury upon a cause of action not pleaded nor relied upon, in the petition of the plaintiff.

(Syllabus by Brett, C.)

On Rehearing.

**4. Physicians and Surgeons — Care Required—"Reasonable Care"— "Ordinary Care."**

The law imposes but one standard of diligence, and that is reasonable and ordinary care. This, however, is a relative term; and what would be reasonable and ordinary care under some conditions would amount to negligence under others. The importance, delicacy, hazard, and moment of the undertaking all enter into the question as to what, under the circumstances, amounts to reasonable and ordinary care.

Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.

Action by Albert Lee Cassingham and others against Dr. V. Berry. Judgment for defendant, and plaintiffs bring error. Affirmed.

Frank F. Lamb and Ramsey & Thomas, for plaintiffs in error.

Jas. S. Ross, Belford & Hiatt, L. D. Threlkeld, and Lex V. Deckard, for defendant in error.

Opinion by BRETT, C. This action was brought by the plaintiffs in error against the defendant in error, a physician and surgeon, to recover damages for malpractice, which is alleged to have resulted in the death of the mother of the plaintiffs in error.

Parties to this action will be referred to in this opinion as plaintiffs and defendant, as they appeared in the lower court.

The alleged facts upon which the plaintiffs seek to recover, briefly stated, are that Dr. Milroy was treating the plaintiffs' mother, Mrs. Ella Jane Cassingham, as physician and decided that the removal of her ovaries was necessary to her recovery, and recommended the defendant as a competent and skillful surgeon; that defendant was employed to perform this operation, and did so in connection with Drs. Joe Milroy, Fred Milroy, and Miss Mahaney, a trained nurse; that after the operation Mrs. Cassingham, who will for convenience hereafter be referred to as the deceased, did not improve as she should; the wound did not heal, she suffered great pain, and the attention of the defendant was called to this condition, but he did nothing to relieve it, except to give

opiates to deaden the pain; that the wound did not heal, but kept open in the form of a discharging sinus, and deceased continued to get worse, until several months later, when she was moved to a hospital in Kansas City, Mo., where an operation was performed, and two gauze sponges were found in the abdominal cavity in a decayed condition. The plaintiffs allege that these sponges caused the death of their mother, and were negligently left there by the defendant. The defendant files a general denial, admits performing the operation, denies that he was negligent; and alleges that he exercised all the skill and care he possessed, and employed all the science within his knowledge; that he had the assistance of Drs. Milroy and a trained nurse, who was not employed by him, but was employed by the husband of deceased, or some one acting in his behalf; that the operation was a difficult one; that it was necessary that he should keep his mind concentrated upon the surgical part thereof; and he repeatedly admonished the nurse to keep accurate count of the sponges inserted into the cavity; that this was her duty, and that he impressed upon her the importance of seeing that they were all removed, and after the operation, and before the cavity was closed, he asked the nurse if she had counted the sponges, and if all had been taken out, and she assured him she had counted them, and that they had all been taken out; that he relied upon her statement, believed it to be true, and now believes it was true and correct, and that all the sponges had been removed before the cavity was closed. The plaintiffs reply by general denial. The cause was tried to a jury, and verdict and judgment was for defendant, and the plaintiffs have perfected their appeal to this court.

There are three assignments of error relied upon, and argued by the plaintiffs in their brief.

The first is misconduct of the attorney for the defendant. The matter relied on as misconduct and argued in the brief is the offer, by the attorney for defendant, in the presence of the jury, to prove by certain witnesses matters derogatory to the character of the deceased. This offer was objected to by the plaintiffs on the ground that "it is incompetent, irrelevant, and immaterial, and is not such a defense as can be proven under the issues as drawn in this case," and the court promptly sustained this objection. It does not appear from the record that counsel for plaintiffs asked that the offer be made in the absence of the jury, and that the

court refused this request, or that he excepted to the offer on the ground that it was prejudicial, but only objected on the ground of incompetency, which was promptly sustained. We are referred by counsel for plaintiffs to a number of cases, in which reversals were had on the ground of misconduct of the prevailing counsel. But in all these cases that we have examined exceptions were taken at the time to the misconduct, and the record properly preserved. This was not done in this case, and where it is not done, we think the rule is correctly stated in Gorham v. Sioux City Stockyards Co., 118 Iowa, 749, 92 N. W. 698, in which the Supreme Court of Iowa says:

"When counsel are guilty of misconduct in arguing a case to the jury, whether in the presence of the judge or in his absence, there ought to be at least an attempt made to correct the error at the time, and, when this is not done, we will not, in a civil case, disturb the ruling of the court on a motion for new trial based thereon, unless prejudice. . . . . appears. Allen v. Railway Co., 106 Iowa, 602, 76 N. W. 848."

The appellate court of Missouri holds to the same effect in Spengler v. St. L. Transit Co., 108 Mo. App. 329, 83 S. W. 312, in which the court uses the following language:

"As the course to be taken by a trial court when statements of an attorney in his argument to the jury are objected to is largely one of discretion, and as we can only put the trial court in the wrong when its discretion is abused, it is necessary to direct that court's attention to the language complained of so distinctly that it may rule on it, and either rebuke the speaker, or not, as it sees proper. It is necessary, too, to take an exception to the ruling if an adverse one is made, or to the failure to interfere if the court says nothing. An assignment of error, based on improper argument, cannot be maintained unless an exception to the court's action is preserved, or perchance unless there was no opportunity to save it, and we fail to see how such a contingency as that could happen. State v. Pagels, 92 Mo. 300, 4 S. W. 931; State v. Dusenberry, 112 Mo. 277, 20 S. W. 461."

We have long been of the opinion that courts frequently overestimate the influence of the conduct of attorneys upon the jury, and concur in the statement of Judge Caldwell, in Gulf, C. & S. F. Ry. Co. v. Curb et al., 66 Fed. 519, 13 C. C. A. 587, that:

"The assumption of the courts that jurors are so weak, ignorant, and inexperienced as to fall an easy prey to the arts of the unscrupulous counsel is a grave error. They are as little liable to be played upon by false logic and misrepresentations of

the evidence as the judge on the bench. There is no occasion 'for a refining machine at their elbow' to sift the false from the true in the evidence or to detect chicanery, falsehood, or fallacy in the argument of counsel. The jurors are quite as able to protect themselves from such influences on the facts of the case as the court is on the law, and every ruling which proceeds upon the idea that juries are destitute of common sense, unacquainted with the affairs of the world, and ignorant of the arts and methods of lawyers is unsupported by fact or experience. * * * A verdict ought not to be set aside because the winning party did not have an ideal lawyer to argue his cause, or on the false assumption that the jury was destitute of common sense, and had such slight knowledge of the methods of lawyers as to fall an easy prey to their fallacious or false suggestions. But, however this may be, the trial judge, who hears and sees all that occurs at the trial, is in a much better position than the appellate court to determine whether he should interfere because of alleged improper acts or remarks of counsel. It is a matter relating to the decent and orderly conduct of the trial, and as such within the sound discretion of the trial court, and it is only when such discretion has clearly been abused, to the prejudice of the complaining party, that the appellate court will interfere. Huckshold v. Railway Co., 90 Mo. 548, 2 S. W. 794. 'It will not, in any case, be presumed that the discretion over this subject, committed to the trial court, has been abused.' Railroad Co. v. Myers, 11 C. C. A. 439, 63 Fed. 793, 798."

And we cannot, from the record in this case, say that the trial court abused its discretion in not granting a new trial on this ground.

2. The second assignment of error relied on is: That the court erred in giving instruction No. 15. This instruction is as follows:

"You are instructed that the defendant was not at any time required to exercise the highest degree of care or diligence in the performance of the operation in question, but the law imposes upon him the duty to use reasonable care; and although you may believe from the evidence in this case that the operation left the sponges in the abdominal cavity of the said Mrs. Ella Jane Cassingham, and that her death was the natural, proximate result thereof, still if you also believe from the evidence that the defendant in the performance of the operation exercised ordinary care in keeping track of the sponges and seeing to it that they were all removed before the incision was closed, your verdict must be for the defendant. And in determining what was ordinary care in this instance, you must take into consideration the necessity for prompt and efficient action upon the part of the defendant in stopping the hemorrhage referred to in the testimony and doing the other things necessary in the performance of the operation, the difficulty of the operation, and all other facts and circumstances in connection therewith as were disclosed by the evidence."

The plaintiffs say:

"The inherent vice in this instruction is the mistake the court made in assuming and inferring as a matter of fact that the defendant could leave the sponges in the abdominal cavity in the exercise of ordinary care. * * * Common sense dictates that leaving the sponges in the abdominal cavity is absolutely and totally inconsistent with the exercise of ordinary care."

The doctrine advanced, in this position of the plaintiffs, is too exacting for human affairs. It is tantamount to saying that if ordinary care had been used, no mistake could have occurred. It assumes that the exercise of ordinary care would have rendered a human being infallible. And it is a matter of common knowledge, based upon every day experience, that even in the exercise of the utmost care, all men do make mistakes. And it was not error, under the pleadings and evidence in this case, for the court to instruct the jury that though they believe the defendant left the sponges in the body of deceased, and her death was the natural and proximate result thereof, yet if they also believe from the evidence that the defendant, in performing this operation, exercised ordinary care in keeping track of the sponges, and seeing to it that they were all removed before the incision was closed, he could not be held liable for negligence. The basis and gist of this action was not the result of the operation, but negligence in the performance of it. If there was no negligence in the performance of the operation, then there was no cause of action, and could be no recovery; if there was negligence in the performance of the operation, then a recovery could be had. Whether or not the defendant exercised that degree of care in performing the operation that the law imposed upon him was the paramount question, and the test of the rights of the parties. And we think the defendant was entitled to this instruction, and, when taken in connection with the other instructions, that it did not prejudice the rights of the plaintiffs.

3. The third assignment relied on is the refusal of the court to give three instructions requested by the plaintiffs The first is to the effect that the duty of the defendant did not end with the performance of the

operation and closing the wound, but continued as long as he waited on the patient, and if he left the sponges in the body of the deceased, and then failed to discover their presence in her abdomen, the jury were at liberty to consider such negligence in estimating the damages. This element of negligence was not relied upon in the pleadings of the plaintiffs. But the negligence in leaving the sponges in the body is relied on throughout the petition as the sole ground for recovery. And we think it is clear that it would have been error to have given this requested instruction under the pleadings. The court gave, as we think, remarkably clear and explicit instructions on all the matters that were at issue, and properly refused this instruction.

The second request was to the effect that if the jury found that the sponges were left in the body, by the negligence of the nurse, yet if the defendant continued to attend on the deceased, it was his duty to have discovered the sponges, and to have removed them. This is, in effect, the same request as No. 1. It is not justified by the pleadings, and should have been refused for the same reason that No. 1 was refused.

The third request is a definition of negligence, which the plaintiffs do not seem to insist upon, and which we think it was not error to refuse.

Regardless of any sympathy that we may have for the plaintiffs, we have found no prejudicial error in the record, and recommend the judgment be affirmed.

By the Court: It is so ordered.

### On Rehearing.

BRETT, J. The one question involved in this case upon which we have had misgivings is the doctrine that the degree of diligence that the law imposes upon the surgeon is reasonable or ordinary care. We earnestly requested and hoped that counsel in the argument upon rehearing would give us light on this question. But counsel have not cited, nor have we been able to find, a single instance in which the courts or law imposes any standard of diligence upon any one, other than reasonable and ordinary care. It is true this is a relative term. And what would be reasonable and ordinary care under some conditions would amount to negligence under others. The importance, delicacy, hazard, and moment of the undertaking all enter into the question as to what, under the circumstances, amounts to reasonable and ordinary care, and is a question

of fact for the jury. City of Shawnee v. Cheek, 41 Okla. 227, 137 Pac. 724, 51 L. R. A. (N. S.) 672.

In the case at bar, the evidence is that the defendant, before beginning the operation, counted the sponges to a trained nurse, who had been furnished by the husband of deceased, and repeatedly admonished her to keep an accurate count of the number of sponges inserted into the cavity, and did all he could to impress upon her the importance of her accurately counting the number of sponges taken from the cavity, to insure that none that had been inserted remained in the cavity, and that, before closing the cavity, he asked the nurse if she had counted the sponges, and if all that had been inserted had been taken out of the cavity, and she assured him that she had counted them, and that they had all been taken out. It is also in evidence that this was an approved method, used by many leading surgeons, of keeping track of the number of sponges used in an abdominal operation.

And, under the law on diligence and the facts in this case, we adhere to the opinion originally filed.

All the Justices concur.