## BALLAINE v. DRAKE.

No. 12641—Opinion Filed April 1, 1924.

1. **Physicians and Surgeons — Liability for Improper Treatment.**

In order to recover damages from a physician or surgeon for want of proper care and skill the burden is upon the plaintiff to show: First, that the defendant was unskillful or negligent; second, that the injury complained of was produced by his want of skill or care.

2. **Same — Implied Obligations in Treatment.**

A physician is not a warrantor of cures in the absence of an express contract to that effect. His implied obligation arising from his employment is only that no injury shall result from any want of care or skill on his part.

3. **Same—Damages—Reversal of Judgment.**

Upon a review of the evidence in this case, we find such evidence insufficient to support the verdict.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action brought by Dora Drake for damages against C. W. Ballaine. Judgment was entered in the lower court in favor of the plaintiff in the sum of $750, and the defendant has appealed to this court. Reversed and remanded.

Jas. A. Ingraham and Horton & Horton, for plaintiff in error.

Prentiss E. Rowe, for defendant in error.

Opinion by DICKSON, C. This action was begun by Dora Drake filing her petition in the district court of Pawnee county on the 18th day of September, 1921, wherein she alleged that on the 24th day of October, 1919, she was thrown from a buggy near Cleveland, in Pawnee county, and sustained serious injuries to her right arm, and otherwise bruised and injured; that her right arm was dislocated at the elbow; that the defendant (plaintiff in error) held himself out as a physician and surgeon, and was employed to reduce said dislocation and treat her said injuries.

The defendant was charged with having negligently and unskillfully diagnosed the injury in that he pronounced it a fracture instead of a dislocation; that in truth and in fact there was no fracture of the bone, and that said defendant carelessly and negligently failed to reduce said dislocation; that by reason of the negligence of the defendant and the unskillful treatment of said injury the plaintiff has permanently lost the use of said arm, and has suffered great bodily pain and mental anguish to her damage in the sum of $10,000, for which she prayed judgment.

To this petition the defendant answered by filing a general denial, and on the trial thereof, before a jury, a verdict for damages in the amount of $750 was recovered. Judgment was rendered thereon, motion for a new trial filed and overruled, and the defendant has appealed to this court by petition in error and case-made.

Plaintiff in error relies principally upon

one proposition to secure a reversal, which is "that the verdict is not sustained by sufficient evidence." The evidence on the part of the plaintiff is, in substance, that she met with the accident described in the petition near Cleveland in Pawnee county, that the defendant was called as a physician to treat her injuries; that the defendant responded to said call immediately, and after making a casual examination of the arm pronounced the injury to be a break or fracture of the bone near the elbow; that the defendant straightened said arm and put it in splints; that the arm in fact was not fractured but dislocated at the elbow. On cross-examination, the plaintiff was asked if the defendant did not tell her that she must go to the hospital and have an X-ray made of the arm, her answer was:

"No, he didn't; he told someone else and they told me, but he did not tell me."

There was no evidence on the part of the plaintiff tending to show whether or not the injury was permanent, that is whether or not it could be cured or benefited by further treatment. There was evidence tending to show that the plaintiff had suffered great pain, but no evidence tending to show that the pain and suffering was in any way increased by reason of the treatment, or that it would or could have been prevented by any character of treatment. And there was no evidence offered tending to show that the permanency of the injury could have been prevented by any mode of treatment.

One physician testified on the part of the plaintiff that in his judgment the arm should have been placed at right angles across the breast of the patient instead of being left in a straight position. There was no evidence offered tending to show the character of treatment applied by physicians in that vicinity to like injuries. The physician called by the plaintiff as a witness testified that in his judgment, the proper method of treating that class of injuries was to have the patient removed to a hospital and an X-ray examination promptly made. All of the evidence on the part of the plaintiff, except that as to the necessity of an X-ray examination, was contradicted by the evidence of the defendant by several witnesses, but inasmuch as this judgment will have to be reversed it will be unnecessary to set out the evidence offered on the part of the defendant.

There is no claim that the defendant guaranteed a cure or contracted for extraordinary skill or care.

"His contract as implied by law is that he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by others of his profession; that he will use reasonable and ordinary care and diligence in the treatment of the case which he undertakes, and that he will use his best judgment in all cases of doubt as to the proper course of treatment. He is not responsible for damages for want of success; unless it is shown to be the result of want of ordinary skill and learning, such as ordinarily possessed by others of his profession, or want of ordinary care and attention. He is not presumed to engage for extraordinary skill or for extraordinary diligence or care, nor can he be made responsible in damages for errors in judgment, or mere mistakes in matters of reasonable doubt or uncertainty." Champion v. Keith, 17 Okla. 204. 87 Pac. 845.

See, also, Cassingham et al. v. Berry, 67 Okla. 134, 150 Pac. 139, 168 Pac. 1020; Grosshart et al. v. Shaffer, 52 Okla. 204, 152 Pac. 441; Kernodle v. Elder, 23 Okla. 743, 102 Pac. 138.

In order for the plaintiff to recover in this case it is absolutely essential to be shown that two conditions existed; First. that the plaintiff suffered legal detriment and damages. second, that such detriment or damages is not referable solely to the accident with which she met. But it must be shown on her part that considering the accident which she suffered, and the defendant's employment as a physician, she is left in a worse condition than she had a right to expect. There is nothing in the evidence tending to show that any character of treatment would have effected a cure of this arm, or that any mode of treatment would have procured better results. It is true that upon the trial she proved that the arm was useless, but there was no attempt to show that this condition was due to the lack of skillful treatment or that there was any treatment known to the science of medicine or surgery that would have relieved the situation. In the last analysis the plaintiff's case amounts to this; she received the injury, employed a physician, and failed to recover. The jury could not say from the evidence in this case whether the condition of the plaintiff's arm was due to the character of the injury, or to the want of skill and care in treating it. And as said by Judge Taft in Ewing et al. v. Goode, 78 Fed. Rep. 442:

"If there is no injury caused by lack of skill or care, then there is no breach of the physician's obligation. and there can be no recovery."

In order to recover damages from a physician for want of proper care and skill, the plaintiff has the burden of showing that the defendant was unskillful or negligent and that the injury complained of was pro-

auced by such want of skill or care. In the case at bar there is a total failure of any evidence tending to show that the plaintiff has suffered injury by reason of the alleged negligence or want of skill on the part of the defendant. From the conclusion we have reached it will be unnecessary to discuss the other assignments of error.

It follows that this case should be reversed and remanded to the district court of Pawnee county for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.