HALL *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 822. Submitted October 19, 1893. — Decided October 30, 1893.

Upon a trial for murder in Arkansas, on cross examination of witnesses to the defendant's character, and by his own testimony to meet evidence that he had since fled to Mississippi, it appeared that he had killed a negro in Mississippi two years before, and had since been tried and acquitted there. The district attorney, in his closing argument to the jury, said: "We know, from reading the newspapers and magazines, that trials in the State of Mississippi of a white man for killing a negro are farces. The defendant came from Mississippi with his hands stained with the blood of a negro." And he added other like expressions and declarations that the killing of a negro in Mississippi, for which the defendant had been tried and acquitted there, was murder. To all these declarations, expressions, and arguments of the district attorney, the defendant at the time objected, and, his objections being overruled by the court, alleged exceptions. *Held,* that he was entitled to a new trial.

THIS was an indictment, found at August term, 1891, of the Circuit Court for the Western District of Arkansas, against Robert M. Hall, for the murder of James Yates, by shooting him with a gun, at Choctaw Nation in the Indian country in that district, on August 4, 1891.

At the trial, at August term, 1892, before the District Judge,

it was proved, and not denied, that the defendant, being then twenty-two years of age, shot and killed Yates at the time and place alleged, and that both were white men. The United States introduced evidence tending to show that the killing was murder; and that the defendant had come from Mississippi, and had been in the Indian country for about four months before the killing. The defendant introduced testi-mony tending to explain the circumstances of the killing, and to show that it was not murder.

The United States, against the defendant's objection and exception, were permitted by the court, for the purpose of showing that the defendant fled from the Indian country after killing Yates, to put in evidence a warrant issued by a United States judge in Mississippi, dated March 2, 1892, reciting the commitment of the defendant by a United States commissioner "upon the charge of murder on an indictment from the Circuit Court of the United States for the Western District of Arkansas," and ordering him to be taken and delivered to the United States marshal for this district.

Witnesses called by the defendant testified that his character as a peaceful and law-abiding man was good. On cross examination of these witnesses, the district attorney, against the defendant's objection and exception, was permitted by the court, for the purpose of testing their knowledge of his reputation, to ask them whether they had heard that he had killed a negro in Mississippi before he came to the Indian country. The only witness, who admitted that he had heard of the killing of the negro by the defendant, testified on reëxamination that he had also heard that he had been acquitted of it.

The defendant, having offered himself as a witness in his own behalf, testified that he went back to Mississippi to stand his trial there in a court of the State in February, 1892, upon a charge of murdering a negro whom he had killed there in August, 1889, and was thereupon arrested, tried and acquitted upon that charge; and that, immediately after killing the negro, he had left Mississippi by the advice of his father, with whom he then lived. This testimony was not objected to by the district attorney, nor changed on cross examination.

One exception taken by the defendant was stated in the bill of exceptions allowed by the court as follows:

"The district attorney, in his closing argument to the jury, made use of the following language: 'We know what kind of trials they have in the State of Mississippi of a white man for killing a negro. We know from reading the newspapers and magazines that such trials there are farces. We are not living in Egyptian darkness, but in the light of the nineteenth century. The defendant came from Mississippi with his hands stained with the blood of a negro, and went to the Indian country, and in less than four months had slain another man.' And other like expressions and declarations that the killing of a negro in Mississippi, for which the defendant had been tried and acquitted there, was murder. To all of which declarations, expressions, and arguments of the district attorney the defendant at the time objected; but his objections were by the court overruled, and the defendant at the time excepted."

The defendant was convicted of the murder of Yates, as charged in the indictment; and sued out this writ of error, under the act of March 3, 1891, c. 517, § 5.    26 Stat. 827.

*Mr. A. H. Garland* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error, to the point on which the case turns in this court, said: The court's reasons for allowing the district attorney to proceed are stated in its opinion on the motion for a new trial. The court held that it could take judicial notice of the fact or supposed fact that trials of white men in Mississippi for killing negroes are farces, and that counsel could properly allude to any historical fact or facts "generally recognized by everybody." The court states that defendant's counsel, in objecting to the remarks, admitted their historical character.

Upon an exception to a ruling on a motion to check argument of counsel, the right of review is to be exercised but cautiously, when there is an abuse of discretion, and when it is probable that the jury have been misled. 1 Thompson on Trials, § 964, and cases cited.

It is now settled in this court, ( *Wilson* v. *United States,* 149 U. S. 60, 67, 68,) in accordance with the general, though not universal, rule elsewhere, that such an exception lies. But the court has recognized that by opening the gate wide to such appeals " a new element of uncertainty would be introduced into the administration of justice in a criminal case." *Hopt* v. *Utah,* 120 U. S. 430, 442.

In Texas it is settled that the exception will not be noticed except when the court has subsequently refused to instruct the jury to disregard the improper remarks. *Young* v. *State,* 19 Tex. App. 536; *Comer* v. *State,* 20 S. W. Rep. 547. See also *Thompson* v. *Barkley,* 27 Penn. St. 263; *State* v. *Hamilton,* 55 Missouri, 520; *State* v. *Brooks,* 92 Missouri, 542; *Combs* v. *The State,* 75 Indiana, 215; *Shular* v. *The State,* 105 Indiana, 289; *Cross* v. *The State,* 68 Alabama, 476; *Scripps* v. *Reilly,* 35 Michigan, 371; *Pierson* v. *The State,* 18 Tex. App. 524.

The district attorney, in commenting on the method of trial in the State of Mississippi, did not profess to inform the jury as to any fact, but to remind them of what he considered a matter of current notoriety through newspapers and magazines. The remarks were of a kind familiar to every summing up in a criminal case. The jury can hardly have estimated them at more than their true value. The case is somewhat similar to that of *The State* v. *Stark,* 72 Missouri, 37, where counsel stated that " defendant had gone to the Indian Territory, where all rascals go." The court on appeal said: " Defendant in his own testimony states that he went there. The additional words ' where all rascals go,' whether true or false, could certainly have had no effect upon the jury."

The exception, however, is not specifically directed against the remark of the district attorney concerning the method of trials in Mississippi. It is a general exception directed to four sentences, and if any of these sentences contain correct propositions, the exception is valueless according to authorities already cited. The last proposition that " defendant came from Mississippi with hands stained with the blood of a negro," etc., was true and proper enough for the district attorney to include in his summing up, whether defendant, when he killed

the negro, was guilty of murder or manslaughter, or was jus-
tified by the right of self-defence. The fact that he had been
engaged in such broils is one which the jury cannot possibly
have overlooked in considering his true character as developed
on this trial.

MR. JUSTICE GRAY, after stating the facts, delivered the
opinion of the court.

The defendant was on trial for killing Yates in Arkansas
in 1891, and not for killing a negro in Mississippi two years
before. Evidence as to his killing the negro and his arrest
and trial therefor in Mississippi was introduced for two
purposes only : first, by the district attorney, to test the
knowledge of the witnesses to the defendant's character; and
afterwards by the defendant himself, to show that his return
to Mississippi after the killing of Yates had another object
than to flee from justice.

If the defendant had murdered the negro in Mississippi,
and had been there convicted therefor, evidence, either of the
murder, or of the conviction, would have been incompetent to
support the indictment against him for the murder of Yates in
Arkansas. *Boyd* v. *United States*, 142 U. S. 450, 458. But
it was testified by the defendant, and assumed by the district
attorney, that the defendant had been acquitted of the charge
of murdering the negro; and it was not objected that the
record of the acquittal should have been produced.

The district attorney, in his closing argument to the jury,
insisted that, from reading the newspapers and magazines,
we know trials in the State of Mississippi of a white man for
killing a negro to be farces; that the defendant came to the
Indian country from Mississippi " with his hands stained with
the blood of a negro;" and that "the killing of a negro in
Mississippi, for which the defendant had been tried and ac-
quitted there, was murder." The defendant instantly objected
to all these declarations, expressions, and arguments of the
district attorney; and excepted to the action of the court in
overruling his objections.

The ground on which the presiding judge, in the opinion delivered on overruling a motion for a new trial, (contained in the record, and cited by the attorney for the United States in this court,) justified his own action and that of the district attorney in this regard, was that " it is unquestionably a sound rule that historical facts, of which courts take judicial notice, may be alluded to in argument for the purpose of illustration," and that he considered it " a historical fact in this country " that in Mississippi the trial and acquittal of a white man for the killing of a negro is a farce.

Whether or not such is the condition of things in that State is a matter of personal belief and opinion rather than of un-questioned historical fact. It is hard to see how the fact, if admitted, that in a certain locality all persons indicted for crimes or offences of a certain class are acquitted, has any tendency to prove that every person, or any particular person, there indicted for such a crime or offence, is guilty.

But the district attorney did not content himself with allud-ing to the supposed fact by way of illustration. He relied upon it, and upon his inference therefrom that the defendant's hands were stained with the blood of the negro, and other like expressions and declarations of his own, to establish that " the killing of a negro in Mississippi, for which the defendant had been tried and acquitted there, was murder." This whole branch of his argument was evidently calculated and intended to persuade the jury that the defendant had murdered one man in Mississippi, and should therefore be convicted of mur-dering another man in Arkansas.

The attempt of the prosecuting officer of the United States to induce the jury to assume, without any evidence thereof, the defendant's guilt of a crime of which he had been judi-cially acquitted, as a ground for convicting him of a distinct and independent crime for which he was being tried, was a breach of professional and official duty, which, upon the defendant's protest, should have been rebuked by the court, and the jury directed to allow it no weight.

The presiding judge, by declining to interpose, notwithstand-ing the defendant's protest against this course of argument,

gave the jury to understand that they might properly and lawfully be influenced by it; and thereby committed a grave error, manifestly tending to prejudice the defendant with the jury, and which, therefore, was a proper subject of exception, and, having been duly excepted to, entitles him to a new trial. *Wilson* v. *United States,* 149 U. S. 60, 67, 68.

The instructions given to the jury upon other subjects may not take the same shape upon another trial, and need not be considered.

*Judgment reversed, and case remanded, with directions to set aside the verdict and to order a new trial.*