UNION PAC. R. CO. v. FIELD.

(Circuit Court of Appeals, Eighth Circuit.   April 8, 1905.)

No. 2,103.

**1. TRIAL—DUTY OF COURT AND COUNSEL—MISCONDUCT OF COUNSEL.**

It is the duty of the court and of its officers, the counsel of the parties, to prevent the jury from the consideration of extraneous issues, of incompetent evidence, and of erroneous views of the law, to guard it against the influence of passion and prejudice, and to assure to the litigants a fair and impartial trial.

**2. SAME—COUNSEL MUST OBJECT TO PRESERVE RIGHTS OF CLIENT.**

It is the duty of the trial judge, without objection from opposing attorneys, to prevent counsel in his address to the jury from discussing extraneous issues, from introducing irrelevant facts, and from insinuating erroneous views of the law.

But opposing attorneys must except to the erroneous argument of the, speaker, if the court fails to act, in order to preserve the rights of their client.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 312.]

**3. SAME—ADMISSION OF IRRELEVANT FACTS OR OF ERRORS OF LAW BY ARGUMENT.**

The admission of unsworn statements of irrelevant facts by counsel in his address to the jury is as fatal as the introduction of testimony to prove them.

The suggestion of erroneous views of the law by counsel in argument, unless extracted by the charge of the court, is equally fatal.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 284, 292.]

**4. APPEAL—ERROR IS PRESUMED PREJUDICIAL.**

The presumption is that error produces prejudice. It is only when it appears so clearly as to be beyond doubt that the error challenged did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal is applicable.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4038–4046.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

While the plaintiff, James E. Field, was riding in a caboose attached to a freight train of the Union Pacific Railroad Company at about 3 o'clock in the morning on the 7th day of May, 1902, another train of that company ran into the caboose and injured him. He brought an action against the company for alleged negligence, which he averred resulted in his injury. One of the witnesses for the company was a man named Morgan. In his address to the jury the counsel for the plaintiff said: "Mr. Morgan, who was upon the witness stand, or who was in the town of Hoxie, presumably, or at least there so that he could give his testimony, and conversed with the railroad attorney, and after conversing with the railroad attorney then and there, he was not—the railroad attorney was of the opinion that he better not take his deposition then, and now the testimony is of value, when he comes here upon railroad passes with which they could bring all of Sheridan county here." Counsel for the railroad company excepted to this remark of the attorney for the plaintiff, and he continued: "The testimony there of this witness is here. We will just say they can bring them any old way, but they pick out the witness to bring here, of Mr. Morgan's type. Why could not Mr. Morgan testify when the others testified by deposition? Why must there be some special reason or some special inducement to get him there before he will testify?

Because there are a class of men who must be urged in some manner, gentlemen." There was no testimony in the case that Mr. Morgan or any other witness came to the trial upon a pass. The following colloquy occurred during the same address of counsel for the plaintiff, who said: "Suppose we go to one question upon this matter of liability. I want to suppose that my friend Loomis here, who is defending this case for this company, and defending it ably. He is doing it, as far as his part of the matter is concerned, fairly, and very decently and creditably, and I want to ask him to tell this jury. if he will, when he comes to argue this case, how much he, starting with the health which he has and assuming that he has physical strength to go out and husk corn— By Mr. Loomis: I except to this illustration of counsel. I do not think it is a fair one to use to this jury. The Court: I think not. I think you will have to conform to the facts concerning the man who claims to have been injured. Mr. Guthrie: I was going to put that to Mr. Loomis, if the court please—Mr. Loomis' own estimate, if he cared to give it. Mr. Loomis: I still except. He is repeating what I am excepting to. Mr. Guthrie: I thought it was the comparison, only. I beg your pardon, Mr. Loomis. (Continuing): I say to you on my own behalf, however large a sum of money the $20,000, the amount asked in this case, may be, that it would not compensate me— Mr. Loomis: We still except to that remark. The Court: I think you should compare it with the man who under the testimony this man was shown to be. Mr. Guthrie: I see now the basis of the exception. I say to you then. gentlemen, put it in that way: that no verdict that you can render in this case within the limitation that is put upon your powers in this case can compensate that man for the prospect he has to go through life with, of sitting upon his front porch a useless adjunct to the farming operations which he continues or which he had conducted theretofore." There was a verdict and judgment for the plaintiff, which is challenged by the writ of error.

N. H. Loomis (R. W. Blair, H. A. Scandrett, and A. L. Williams, on the brief), for plaintiff in error.

W. F. Guthrie (L. C. Boyle, on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Under our system of jurisprudence it is the province of the jury in actions at law to try and determine the rights of parties according to the law and the evidence. It is the duty of the court and of its officers, the counsel of the parties, to prevent the jury from the consideration of extraneous issues, of irrelevant evidence, and of erroneous views of the law, to guard it against the influence of passion and prejudice, and to assure to the litigants a fair and impartial trial. An omission by court or counsel to discharge this duty, or a persistent violation of it, is a fatal error, because it makes the trial unfair. The property of a defendant may not be lawfully transferred to a plaintiff without an impartial trial of the controversies between them. A trial is not fair and impartial in which a discussion of irrelevant issues, a statement of a persuasive but immaterial fact, or the assertion or insinuation of an erroneous view of the law or of the wrong measure of damages by counsel in his address to the jury, may have had an influence favorable to his client. The trial judge has the power, and in the first instance it is his duty, in the absence of objections by opposing attorneys, to stop and reprimand an attorney who undertakes to indulge in remarks of this nature, and, if possible, to immediately

extract from the trial the vice of his obnoxious observations. And if, as is often the case, it is impossible to accomplish this, it is the duty of the court to at once discharge the jury, and to direct a new trial. This is primarily the duty of the judge because the conduct of the trial and the task of making it fair and impartial are chiefly intrusted to him, and because it is a delicate and irksome duty for a lawyer to interrupt and censure his opponent in the midst of his argument, a duty from the discharge of which the court should as far as possible relieve him. Nevertheless, this is a duty which an attorney must perform to protect the interests of his client, if the court fails to do so without his suggestion. Cudahy Packing Co. v. Skoumal, 60 C. C. A. 306, 313, 125 Fed. 470, 477. It is exceedingly difficult to withdraw from the minds of jurors, or from any mind, suggestions of immaterial facts, insinuations of misleading rules of action, or arguments which arouse passion or prejudice; and yet in cases in which the address of counsel conveys suggestions of this nature to the minds of the triers of the facts it is only when it is certain that these have been withdrawn that the trial is fair and impartial. It is therefore of the gravest importance that the conveyance of such suggestions to their minds should be prevented at the very threshold of the attempt, and that court and counsel should guard the jury with zealous care against all illegal, improper, or unfair arguments or suggestions. Waldron v. Waldron, 156 U. S. 361, 367, 383, 384, 15 Sup. Ct. 383, 39 L. Ed. 453; Graves v. U. S., 150 U. S. 118, 120, 14 Sup. Ct. 40, 37 L. Ed. 1021; Hall v. U. S., 150 U. S. 76, 14 Sup. Ct. 22, 37 L. Ed. 1003; Wilson v. U. S., 149 U. S. 60, 68, 13 Sup. Ct. 765, 37 L. Ed. 650; St. Louis & S. F. Ry. Co. v. Farr, 6 C. C. A. 211, 216, 217, 56 Fed. 994, 1000; St. Louis & S. F. Ry. Co. v. Bennett, 16 C. C. A. 300, 305, 69 Fed. 525, 529, 530; Cudahy Packing Co. v. Skoumal, 60 C. C. A. 306, 313, 125 Fed. 470, 477; Bullard v. Boston & M. R. Co., 64 N. H. 27, 5 Atl. 838, 840, 10 Am. St. Rep. 367; Perkins v. Burley, 64 N. H. 524, 15 Atl. 21; Magoon v. Boston & M. R. Co. (Vt.) 31 Atl. 156, 163; State v. Hannett, 54 Vt. 83, 89; Brown v. Swineford, 44 Wis. 282, 294, 28 Am. Rep. 582; Mitchum v. State of Georgia, 11 Ga. 615.

The remark of counsel for the defendant in error in his address to the jury to the effect that one of the witnesses of the railroad company came to the trial upon passes, and that he was present before the jury when his deposition might have been taken, was objectionable, because there was no evidence that this witness traveled upon passes, and because, if that fact existed, it was not the proper subject of comment, since in a trial at law every litigant has a legal right to produce his witnesses in the presence of the jury, and there to present their testimony.

The argument of counsel upon the measure of damages was yet more objectionable. The attempt to compel opposing counsel to answer or to refuse to answer how much he would accept to sustain the alleged injury of the plaintiff, and thereby to insinuate a rule of law and a measure of damages which he knew to be erroneous, was a plain attempt to lead the minds of the jury aside

from those considerations requisite to a fair and impartial trial. No pecuniary compensation is adequate to induce an ordinarily prudent man to submit to grave physical injury, and it goes without saying that such is not the measure of compensation which courts or juries may award for injuries to the person. When objection was made to this argument the vice of the erroneous rule of law was not extracted. The court merely remarked that counsel must apply the rule to the man who was injured, and not to the attorneys in the case. The rule suggested, however, presented an erroneous measure of. damages when applied to the plaintiff, as well as when applied to the counsel for the railroad company. Not only this, but the attorney for the plaintiff, after exception had been twice taken to his attempt to present this measure to the minds of the jury, said: "I say to you on my own behalf however ·large a sum of money the $20,000, the amount asked in this case, may be, that it would not compensate me." In other words, he again presented the erroneous measure of damages, and at the same time stated a fact which there was no evidence to prove, and which it would have been a fatal error to have admitted testimony to establish—the fact that he would not be willing to receive an injury like that of the plaintiff for $20,000. The admission of the unsworn statement of irrelevant facts by counsel in his address to the jury is as fatal as the introduction of testimony to prove them. Bullard v. Boston & M. R. Co., 64 N. H. 27, 5 Atl. 838, 840; State v. Hannett, 54 Vt. 83; Brown v. Swineford, 44 Wis. 282, 28 Am. Rep. 582; Mitchum v. State of Georgia, 11 Ga. 615.

In Brown v. Swineford, 44 Wis., at page 293 (28 Am. Rep. 582) the Supreme Court of Wisconsin says:

"The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument. But, like other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts in jury trials to interfere in all proper cases of their own motion. This is due to truth and justice. And if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court."

In Mitchum v. State of Georgia, 11 Ga. 615, 634, the highest judicial tribunal of that state said:

"When counsel are permitted to state facts in argument and to comment upon them, the usage of the courts regulating trials is departed from, the laws of evidence are violated, and the full benefit of trial by jury is therefore denied. It may be said in answer to these views that the statements of counsel are not evidence, that the court is bound so to instruct the jury, and that they are sworn to render a verdict only according to the evidence. Whilst all this is true, yet the effect is to bring the statements of counsel to bear upon the verdict with more or less force, according to circumstances; and if they in any degree influence the finding the law is violated, and the purity and impartiality of the trial are tarnished and weakened. If not evidence, then without doubt the jury have nothing to do with them, and the lawyer no right to make them. * * * To an extent not definable, yet to a dan-

gerous extent, they are evidence, not given under oath, without cross-examination, and irrespective of all those precautionary rules by which competency is tested."

In State v. Hannett, 54 Vt. 83, 89, it is said that:

"Counsel in their arguments to the jury are bound to keep within the limits of fair and temperate discussion. The range of that discussion is circumscribed by the evidence in the case. Any violation of this rule entitles the adverse party to an exception which is as potent to upset a verdict as any other error committed during the trial."

The argument of counsel for the plaintiff introduced into the trial facts which it was not competent to prove under the issues, and insinuated an erroneous view of the law and a measure of damages condemned both by reason and by the decisions of the courts. It introduced into the trial grave errors, which probably resulted in preventing a fair and impartial trial. If any of these statements had any influence favorable to the plaintiff, the trial was not fair. It was the duty of his counsel to do everything in his power to rectify the wrong, and to restore to the trial the impartiality of which he had deprived it. The rule upon this subject is well stated in Bullard v. Boston & M. R. Co., 64 N. H. 27, 32, 5 Atl. 838, 840, where the Supreme Court of that state said:

"He is legally and equitably bound to prevent his statement having any effect upon the verdict. This he cannot do without explicitly and unqualifiedly acknowledging his error, and withdrawing his remark in a manner that will go as far as any retraction can go to erase from the minds of the jury the impression his remark was calculated to make. But it is by no means certain that the jury will, at his request, disregard the fact stated. It is necessary they should be instructed that the unsworn remark is not evidence, and can have no weight in favor of the party improperly making it. It is the duty of the wrongdoer to request such instructions. The other party does his duty when he objects to the wrong inflicted upon him, and does not allow it to be understood that he waives his objection."

There was no withdrawal of the objectionable remarks by counsel for the plaintiff. There was no specific instruction by the court that the fact which he stated or the measure of damages which he repeatedly insinuated should not be considered. Their introduction into the case was error. The presumption always is that error produces prejudice. It is only when it appears so clearly as to be beyond doubt that the error challenged did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal is applicable. U. S. v. Gentry, 55 C. C. A. 658, 663, 119 Fed. 70, 75; Railroad Co. v. Holloway, 52 C. C. A. 260, 267, 114 Fed. 458, 465; Association v. Shryock, 20 C. C. A. 3, 11, 73 Fed. 774, 781; Railway Co. v. McClurg, 8 C. C. A. 322, 325, 326, 59 Fed. 860, 863; Deery v. Cray, 5 Wall. 795, 807, 808, 18 L. Ed. 653; Smith v. Shoemaker, 17 Wall. 630, 639, 21 L. Ed. 717; Moores v. Bank. 104 U. S. 625, 630, 26 L. Ed. 870; Gilmer v. Higley, 110 U. S. 47, 50, 3 Sup. Ct. 471, 28 L. Ed. 62; Railroad Co. v. O'Brien, 119 U. S. 99, 103, 7 Sup. Ct. 118, 30 L. Ed. 299; Mexia v. Oliver, 148 U. S. 664, 673, 13 Sup. Ct. 754, 37 L. Ed. 602; Railroad Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006; Peck v. Heu-

rich, 167 U. S. 624, 629, 17 Sup. Ct. 927, 42 L. Ed. 302. It does not appear in the case at bar that the error which has been considered was not prejudicial, and it is fatal to the judgment challenged.

The question which has been considered is not a novel one in this court, and the danger of permitting an excess of zeal to urge counsel beyond the limits of fair argument has been repeatedly called to the attention of the courts and the bar. In St. Louis & S. F. Ry. Co. v. Farr, 6 C. C. A. 211, 216, 217, 56 Fed. 994, 1000, the judgment was reversed because counsel presented an erroneous measure of damages in his closing argument to the jury, the error of which was not extracted by a general charge which presented the proper rule, and the remark was made that "the jury is sworn to determine the.issues of the case according to the law and the evidence given them in court, and no argument is fair which misstates the evidence, or misleads the jury as to the law."

In St. Louis & S. F. Ry. Co. v. Bennett, 69 Fed. 525, at page 529, 16 C. C. A. 300, at page 305, we said:

"While, as we have said in Railway Co. v. Curb, 13 C. C. A. 587, 66 Fed. 519, considerable latitude may be allowed to counsel in their criticism of the testimony of witnesses and of the evidence in their arguments to the jury, they ought not to indulge in extended discussion of questions not presented by the evidence, for the obvious purpose of exciting passion and prejudice, or in gross misstatements of the evidence, or in clearly erroneous declarations of the law when it has been announced by the court, which tend to deceive and mislead the jury and to prevent a fair and impartial trial of the case."

In Cudahy Packing Co. v. Skoumal, 125 Fed. 470, at page 477, 60 C. C. A. 306, at page 313, this.court remarked:

"It goes without saying that a trial judge has the power, and is always at liberty, of his own motion to reprimand counsel when they make use of language or indulge in a line of argument that is improper, unfair, or that is calculated to arouse the prejudices of jurors, or divert their attention to extraneous matters, or to issues that are foreign to the case; and no trial judge should hesitate for a moment to exercise such power, although his intervention is not solicited."

In that case one of the defendant's attorneys was called to the stand by counsel for the plaintiff and asked if it was not a fact that he represented the Maryland Casualty Company of Baltimore, Md. An objection to this question was sustained. In his closing argument counsel rehearsed this incident, and said that, if a judgment was rendered against the defendant company, he did not know whether it would be paid by it or by the Maryland Casualty Company. Of this observation this court said:

"The remark that is said to have been made by plaintiff's attorney on the trial of the case is subject to just criticism, and should not have been made. We entertain no doubt on this point, and feel free to condemn it."

The judgment in that case was not reversed, because counsel for the defendant had not properly saved his exception. In the case at bar the zeal of counsel for the plaintiff carried him beyond the limits of fair argument, presented to the jury facts that were not in evidence, and insinuated a misleading measure of damages. The vice of his action was not extracted by retraction, or by any specific charge of the court. It is not certain that it was not prejudicial

to the defendant; nay, it is probable—almost certain—that it was prejudicial. The trial therefore was not fair and impartial, and the defendant is entitled to another.

Other questions were presented by the writ of error, and were argued at the hearing. But it is unnecessary to consider them now, because they will probably be conditioned by other facts at the second trial, and will be ruled by the court below in the light of later decisions. Northern Pac. R. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513; Cau v. Texas & Pac. Ry. Co., 194 U. S. 427, 24 Sup. Ct. 663, 48 L. Ed. 1053; Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419; Chicago & N. W. Ry. Co. v. O'Brien (C. C. A.) 132 Fed. 598. Where there has been a mistrial through the misconduct of counsel, the Supreme Court frequently considers no other question. Graves v. U. S., 150 U. S. 118, 120, 14 Sup. Ct. 40, 37 L. Ed. 1021; Hall v. U. S., 150 U. S. 76, 14 Sup. Ct. 22, 37 L. Ed. 1003; Wilson v. U. S., 149 U. S. 60, 70, 13 Sup. Ct. 765, 37 L. Ed. 650.

The judgment below is reversed, and the case is remanded to the court below, with instructions to grant a new trial.