## GART v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   October 29, 1923.)

No. 6303.

1. **Criminal law ⬧369(1)—Admission of evidence merely creating suspicion of another offense held error.**

On trial of a defendant charged with sale of narcotic drugs, where the evidence tended to show delivery to the purchaser on the street, admission of evidence that defendant delivered a package to another person on the street at a different time, the contents of which package was not shown, *held* prejudicial error.

2. **Criminal law ⬧374—Proof of other offenses, when admissible, must be clear and definite.**

The scope and purpose of testimony of similar offenses is limited, and only in exceptional cases is such proof admissible, and, when admissible, it must be clear and convincing, and not merely proof of suspicious circumstances.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Criminal prosecution by the United States against Nathan Gart. Judgment of conviction, and defendant brings error. Reversed and remanded.

Philip Hornbein, of Denver, Colo., for plaintiff in error.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (Granby Hillyer, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before STONE and LEWIS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.   The plaintiff in error, as defendant in the court below, was convicted under an indictment charging him with the violation of the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q).   While the indictment contained five counts, the conviction was upon two only, one of unlawful possession and the other of unlawful sale.

The prayer for the reversal of the judgment in the court below is based upon three contentions. The first relates to an erroneous instruction of the trial court, the second to the refusal of the trial court to dismiss upon the ground that the evidence in the case showed that the defendant was entrapped, and the third upon the erroneous admission of evidence.   In the view which this court takes of the case, it will only be necessary to consider the last mentioned.

[1] The evidence in support of the count in the indictment which charged the unlawful sale of narcotics tends to show that a delivery of the drug was made upon the streets of Denver.   Evidence was introduced by the government which tended to show that, at a different time and place upon a street in Denver, the defendant delivered a package to another party.   Objection was made on behalf of the defendant at the time, upon the ground that it involved a transaction not charged in the indictment, which objection was overruled.   The testimony there-

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon proceeded, in which it was testified that the delivery was made as hereinbefore described. The government, however, failed to prove by any testimony what the package so delivered contained. Defendant's counsel then moved to strike out the entire testimony as to the delivery of a package by the defendant to another person not charged in the indictment, upon the ground that such testimony was immaterial, and was vague and uncertain. The motion was denied by the trial court, and proper exception taken.

It must be apparent that such a line of testimony if not properly admissible would be highly prejudicial. Standing as evidence before the jury, it might easily lead them to the conclusion that the defendant was in the habit of making sales of narcotics on the streets by delivering packages containing the drug to persons indiscriminately, and yet there was no proof that the package so testified as having been delivered by the defendant at a time and place not charged in the indictment contained narcotic drugs. This left the matter in the nature of a mere suspicious circumstance, which not having been taken from the jury by the trial court left it with them for consideration.

[2] The scope and purpose of testimony concerning similar offenses is limited, as has been laid down in the Supreme Court of the United States in the cases of Boyd v. United States, 142 U. S. 454, 12 Sup. Ct. 292, 35 L. Ed. 1077, and Hall v. United States, 150 U. S. 76, 14 Sup. Ct. 22, 37 L. Ed. 1003. Only in exceptional cases is the proof of such transactions admissible. Where a case falls within the exception, the proof must be clear and convincing. It will be unnecessary to discuss the point in this case as to whether or not this line of testimony fell within the exception to the general rule governing the proof of similar offenses, for the reason that in the case at bar we have no proof of an offense, but merely proof of a suspicious circumstance.

The rule which should apply to this case, has been clearly stated by Judge Sanborn, of our own circuit, in the case of Paris v. United States, 260 Fed. 529, at page 531, 171 C. C. A. 313, 315, in the following language:

"The general rule is that evidence of the admission by a defendant of an offense similar to that for the alleged commission of which he is on trial is not admissible to prove his commission of the latter offense. Boyd v. United States, 142 U. S. 454, 456, 457, 458, 12 Sup. Ct. 292, 35 L. Ed. 1077; Hall v. United States, 150 U. S. 76, 81, 82, 14 Sup. Ct. 22, 37 L. Ed. 1003; 16 C, J. 586, § 1132. To this general rule there are exceptions. One of them is that, where the criminal intent of the defendant is indispensable to the proof of the offense, proof of his commission of other like offenses at about the same time that he is charged with the commission of the offense for which he is on trial may be received to prove that his act or acts were not innocent or mistaken, but constitute an intentional violation of the law. In cases falling under such an exception to the rule, however, it is essential to the admissibility of evidence of another distinct offense that the proof of the latter offense be plain, clear, and conclusive. Evidence of a vague and uncertain character regarding such an alleged offense is never admissible. Baxter v. State, 91 Ohio St. 167, 110 N. E. 456; State v. Hyde, 234 Mo. 200, 136 S. W. 316, Ann. Cas. 1912D, 191; 16 C. J. 592; People v. Sharp, 107 N. Y. 427, 469, 14 N. E. 319, 1 Am. St. Rep. 851; State v. La Page, 57 N. H. 245, 259, 24 Am. Rep. 69; Fish v. United States, 215 Fed. 545, 549, 132 C. C. A. 56, L. R. A. 1915A, 809. Such evidence tends to draw the attention of the jury away from a consideration of the real issues on trial, to fasten it upon other questions, and to lead

them unconsciously to render their verdicts in accordance with their views on false issues rather than on the true issues on trial. Speaking of evidence of other similar offenses, the Circuit Court of Appeals of the First Circuit, in the case last cited, well said: 'Evidence of this character necessitates the trial of matters collateral to the main issue, is exceedingly prejudicial, is subject to being misused, and should be received, if at all, only in a plain case.' "

In consideration of this erroneous admission of testimony which was prejudicial to the defendant, the judgment of the trial court will be reversed, and the case remanded for a new trial.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes