### EDWARDS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1927.)

No. 7533.

1. Witnesses ⊜349—Cross-examining defendant, charged with transporting stolen automobile, relative to possession of other cars found to have been stolen, held erroneous (Dyer Act [Comp. St. §§ 10418b–10418f]).

In prosecution under the Dyer Act (Comp. St. §§ 10418b–10418f) for transporting a stolen automobile into another state, cross-examining defendant, testifying in his own behalf relative to other cars previously found in his possession, which had been stolen, held erroneous, since mere fact that person is found in possession of stolen cars, without substantial evidence that he knew they were stolen, is not violation of law.

2. Criminal law ⊜369(1)—Mere charge of having committed crime does not authorize questioning defendant relative thereto in subsequent prosecution.

Mere charge of having committed a crime, where there was no conviction, is insufficient to authorize questioning defendant relative thereto in subsequent prosecution.

3. Criminal law ⊜371(1)—Witnesses ⊜337(5)—Evidence of former conviction is admissible to effect defendant's credibility or establish intent.

Evidence of former conviction of a defendant testifying in her own behalf is admissible to ef-

fect defendant's credibility or to establish intent, when intent is material to constitute offense.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Seth Edwards was convicted for transporting a stolen automobile into another state, and he brings error. Reversed.

E. L. Burton, of Parsons, Kan., and C. A. McNeill, of Carlyle, Ill., for plaintiff in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This is the second appearance of this case in this court. On the first hearing the judgment of conviction was reversed upon the ground that, after the jury had reported inability to agree on a verdict, the court, in an additional charge on the controlling points in the case, used language that was not free from argument, and was in some degree calculated to coerce a verdict. 7 F.(2d) 598, 602.

[1] The indictment charges the plaintiff in error, hereafter referred to as the defendant, with violation of the Dyer Act (Comp. St. §§ 10418b–10418f), "by transporting a certain car, described in the indictment, from Blackwell, Okl., to Columbus, Kan., which car had been stolen from Carl Kohler at Blackwell, Okl.; the defendant well knowing at the time he so transported the car, that it had been stolen." The defendant, having testified in his own behalf, was, on cross-examination, asked about six other cars, previously found in his possession, which were found to have been stolen. Objections to these questions by counsel for defendant were overruled by the court, and proper exceptions saved.

[2] As these questions were not whether defendant had ever been convicted of possession of stolen cars, it was prejudicial error to have overruled the objections. The mere fact that a person is found in possession of stolen cars, without substantial evidence that he knew they had been stolen, is not a violation of this act of Congress. Besides, a mere charge of having committed a crime, when there was no conviction, is insufficient. Glover v. United States, 147 F. 426, 429, 430, 8 Ann. Cas. 1184 (C. C. A. 8); Fish v. United States, 215 F. 544, L. R. A. 1915A, 809 (C. C. A. 1); Coyne v. United States, 246 F. 120 (C. C. A. 5); Paris v. United States, 260 F. 529, 531, 532 (C. C. A. 8).

In Glover v. United States, this court held the law to be: "It is competent for the purpose of discrediting a witness to show that he has been convicted of a crime. * * * Whatever may be the limit in this respect, nothing short of a conviction of a crime is admissible for the purpose of impeachment. A mere accusation or indictment will not be admitted, for the reason that innocent men are often arrested charged with a criminal offense." In that case the questions objected to were asked of witnesses for the defendant, and over defendant's objection permitted. The judgment was for this error reversed.

The authorities relied on by counsel for the government are not in point. Without reviewing all of them, it is sufficient to refer to Raffel v. United States, 271 U. S. 494, 497, 46 S. Ct. 566, 568 (70 L. Ed. 1054), mainly relied on by counsel for the government. What was there decided was that, "when he [the defendant] takes the stand in his own behalf, he *does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue.* * * * If, therefore, the questions asked of the defendant were logically relevant, and *competent within the scope of the rules of cross-examination,* they were proper questions." (Italics ours.)

[3] The authorities hereinbefore cited are conclusive that no witness, can, on cross-examination, be asked questions of this nature, nor is such evidence, even if sought to be established by other witnesses, admissible against the defendant. Evidence of former convictions is admissible to effect his credibility, or to establish intent, when intent is material to constitute the offense.

The trial judge in his charge to the jury emphasized this evidence by stating: "This evidence (referring to the questions objected to) was offered merely for the purpose of tending to show, as contended by the government, that this man had theretofore been engaged in similar transactions, and from these knew, or should have known, what was being done in this one. That was the purpose of it."

For the error in permitting these questions to be asked, the judgment must be and is reversed.

STONE, Circuit Judge. The offense here charged is transporting or causing to be transported in interstate commerce an automobile, knowing it to be stolen. An impor-

tant element in this crime is the knowledge that the car was stolen. Upon that matter, it is pertinent to show that accused is with knowledge a handler of stolen cars. The testimony here was that accused had, prior to the time of this charged offense, bought four and sold one car which had been stolen and on which the engine numbers had been changed. This seems to me to have been prejudicial error without some showing that accused knew the cars had been stolen or the numbers changed. Hall v. United States, 150 U. S. 76, 14 S. Ct. 22, 37 L. Ed. 1003; Thompson v. Bowie, 4 Wall. 463, 471, 18 L. Ed. 423; Louisville & N. R. Co. v. McClish, 115 F. 268, 276 (C. C. A. 6th, Day and Lurton). Such evidence of other similar transactions are admissible to prove knowledge or intent (Bird v. United States, 180 U. S. 356, 359, 21 S. Ct. 403, 45 L. Ed. 570), but it is no offense to have, buy, or sell a stolen car without knowledge that it is stolen; therefore evidence which fails to show such knowledge as to other transactions makes them inadmissible. If such knowledge were shown, such evidence would be admissible; also, it would then show a course of dealing in which the transaction under trial was but one instance.

VAN VALKENBURGH, Circuit Judge, concurs in the conclusion reached for the reasons assigned in the foregoing opinions.