Dean P. EPPERSON, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 72–2015.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1973.

Decided Dec. 14, 1973.

Bruce C. O'Neill, Milwaukee, Wis., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Joseph M. McManus, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C.,

David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendant-appellee.

Before PELL and STEVENS, Circuit Judges, and CHRISTENSEN,* Senior District Judge.

CHRISTENSEN, Senior District Judge.

This is an action by the plaintiff-appellant for refund of federal income taxes for the taxable years 1962 through 1965 in the amount of $95,350.83, with interest. A district court jury returned a verdict in favor of the United States on the determinative issues submitted to it, and judgment on the verdict against the taxpayer was duly entered. The sufficiency of the evidence to support the verdict is unquestioned.

This appeal brings before us the contention that the trial court committed prejudicial errors in permitting the government to change its theory of defense shortly prior to the trial or in denying plaintiff's motion for a continuance in light of the new theory, in sustaining defendant's objections to "expert" testimony that plaintiff's service corporation "more nearly resembled a corporation", in refusing plaintiff's proposed instruction that his intent to repay loans could be inferred from the advice of his financial advisor, and in failing to take corrective action against references by government counsel to plaintiff's wealth during argument to the jury.

Finally rebuffed by such rulings as United States v. Empey, 406 F.2d 157 (10th Cir. 1969), the government prior to the trial abandoned its theory that for tax purposes plaintiff's professional service organization could not be considered a "corporation". It supplemented its existing alternate contention that the income in question was dividend income to the plaintiff, and not loans as asserted by the taxpayer, by the claim that plaintiff, and not his corporation, had actually earned the income.

The case was at issue on general denials and there had been no pre-

---

* Senior District Judge of the District of Utah sitting by designation.

trial conference. The trial court declined to require amendment to the government's answer expressly setting out the new theory. We find no error here. An action to recover a tax erroneously paid is in the nature of a common-law action for money had and received, and it is open to the defendant to show any state of facts which according to those standards would deny the right of recovery. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937). Ryan v. Alexander, 118 F.2d 744 (10th Cir. 1941); United States v. Pfister, 205 F.2d 538 (8th Cir. 1953). *Cf.* Schweitzer v. Commissioner of Internal Revenue, 75 F.2d 702 (7th Cir. 1935).

■ Appellant's argument that he was prejudiced by the denial of his request for a continuance is not convincing. With more than two week's advance notice of this supplemental contention, he said he needed more time to prepare his proof, but the facts relating to the pre-existing issue of loans vs. dividends were essentially the same as those relied upon by the government to support its true-earner-of-income theory. Appellant's additional complaint that he was deprived of sufficient time to pursue negotiations for settlement in view of the government's new and stronger approach may be disposed of by its mere statement, as can his further contention that he needed more time to prepare jury instructions.

■ No prejudicial error is perceived in the court's exclusion of expert testimony offered by the plaintiff, since this related to an issue already abandoned by the government—whether the service corporation more nearly resembled a corporation than a sole proprietorship. Nor did the court err in failing to give appellant's requested instruction singling out for comment some advice plaintiff received from his financial advisor about not keeping records of claimed loans. The testimony of this advice already was before the jury. A reading of the court's instructions on the subject is convincing that the controlling question of plaintiff's intent was appropriately and fairly submitted. Moreover, any possible error in the omission from the instructions of a reference to the advice received by appellant was not prejudicial in view of the jury's verdict that the appellant, and not the corporation, was the true earner of the income.

■ But we are more than a little concerned about the immoderate closing argument of counsel for the government. He said, among other things: "We see no reason why a man who has as much money as Dr. Epperson, who has more money than he can probably ever spend, is entitled to ignore all of the rules that everybody else has to live by . . . We say he is not entitled to a refund of taxes because he hasn't paid his fair share." Again: "Let's make this doctor pay the kind of income taxes he ought to pay." And later: "I am sick and tired and I know you are at having to pay taxes at a rate when these rich people like to construe and set up all these transactions to save taxes so they don't have to pay any. I know that you are tired of—".

No objection was interposed to the first two comments. Appellant's objection to the latter was, "I have to object to that, as personal objections." The court recognized it as "a little personal", but as "his argument", and passed the matter by. An appropriate admonition to the jury at least would have been in order. No request for any such admonition, nor any motion for a mistrial, was made by appellant's counsel. We believe the quoted portions were in bad taste if no reprehensible. But under these circumstances and in the context of the entire argument we have concluded that there was no prejudicial error committed by the trial court with reference to them, and that the defendant was not denied a fair trial in view of the record as a whole. *Cf.* United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 237–240, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

Affirmed.

PELL, Circuit Judge (dissenting):

I share the concern of the majority at the challenged portions of the closing argument of counsel for the Government but rather than finding the remarks immoderate they strike me as so inexcusable and so obviously prejudicial in the impact they were certain to have upon the jury as to require a reversal on this ground alone. Accordingly, I respectfully dissent.

This is not a case between two private lawyers who each have gotten "carried away" in the heat of battle; instead, we are concerned with the remarks of an attorney clothed with the majesty of the Government of the United States of America. I have difficulty reading these remarks as other than a deliberate and calculated effort to insure that if the merits were not sufficient to win the case, there would be a back-up of passion and prejudice.

The majority, of course, recognize the impropriety, and perhaps little attention needs to be given to that phase of the appeal. Nevertheless, several aspects of the impropriety should be noted. The wealth of the plaintiff, irrespective of whether it was reflected in the evidence, could not conceivably have had any relevant bearing on whether he was entitled to utilize available tax procedures. The suggestion that he was not paying the income taxes he should have been paying is at least suggestive of tax evasion, criminal activity, as opposed to tax avoidance, a perfectly proper objective. The jurors' personal participation in the payment of taxes was brought into play with at least the implicit suggestion that the jurors would have less taxes to pay if people like the plaintiff paid their fair share. The jury was, in short, being invited to rewrite the Internal Revenue Code to require Dr. Epperson to pay taxes on what "we" (presumably referring to the Government) say is his fair share, not what the Code said he had to pay.

The matter of whether this improper conduct should be the cause of reversal, however, becomes a close question because of the failure of counsel for the plaintiff to make any kind of a reasonable record. The result reached by the majority has the substantial backing of many cases to the effect that before a party is entitled to relief from a verdict allegedly obtained by improper argument, he must ordinarily show that he brought the matter to the attention of the trial court by a proper objection at the time the offense was committed. Annot., 32 A.L.R.2d 9, 86 (1953).

The only objection made was weak, belated, and imprecise. Apparently no effort was made to follow up either by way of further objection, motion for mistrial, or even a request for an admonitory instruction. On the other hand, it must be noted that the learned trial judge did apparently indicate when the objection was made that the argument was not improper. Counsel is in a precarious position when improper argument is made. If immediate objection is made, the interruption of the argument may only serve to emphasize the improper comments in the minds of the jury. An objection out of the hearing of the jury, unless it secures a mistrial, is subject to the same difficulty. An admonitory instruction should be as broad as the error, People v. Fielding, 158 N.Y. 542, 53 N.E. 497, 500 (1899), and this again directs the attention of the jury to the remarks, with there being uncertainty as to whether the instruction will cure the effect of the misconduct. See Washington Annapolis Hotel Co. v. Riddle, 83 U.S.App.D.C. 288, 171 F.2d 732, 740 (1948).

Of greatest significance, however, in tipping the scales in favor of a reversal here is the fact that an official representative of the Government was in effect saying that tax avoidance was egregious conduct which should be penalized for its own sake. The reference to the Doctor paying only eight percent taxes and "I guarantee you, every one of you, pay taxes far in excess of eight percent" could not help but inflame the jury against the cause being litigated because

"if he doesn't [pay his fair share], somebody else is going to have to do it for him."

While generally appellate courts are reluctant, and properly so, to reverse a judgment where the parties have not fully and adequately presented the claimed basis for reversal to the trial court, nevertheless, there are those cases where "refusal to take such action appears . . . inconsistent with substantial justice." Rule 61, Fed.R.Civ.P.

The present case, on balance, is one which appears to me to call for such action on the basis outlined in N.Y. Central Railroad Co. v. Johnson, 279 U.S. 310, 318, 49 S.Ct. 300, 303, 73 L.Ed. 706 (1929):

"The failure of the trial judge to sustain petitioner's objection or otherwise to make certain that the jury would disregard the appeal could only have left them with the impression that they might properly be influenced by it in rendering their verdict, and thus its prejudicial effect was enhanced. See Hall v. United States, 150 U.S. 76, 81 [14 S.Ct. 22, 37 L.Ed. 1003]; Graves v. United States, 150 U.S. 118, 121 [14 S.Ct. 210, 37 L.Ed. 1021]; Wilson v. United States, 149 U.S. 60, 68 [13 S.Ct. 765, 37 L.Ed. 650]. That the quoted remarks of respondents' counsel so plainly tended to excite prejudice as to be ground for reversal, is, we think, not open to argument. The judgments must be reversed, with instructions to grant a new trial.

"Respondents urge that the objections were not sufficiently specific to justify a reversal. But a trial in court is never, as respondents in their brief argue this one was, 'purely a private controversy . . . of no importance to the public.' The state, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest re-

quires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice. See Union Pac. R. Co. v. Field [8 Cir.], 137 F. 14, 15; Brown v. Swineford, 44 Wis. 282, 293. Where such paramount considerations are involved, the failure of counsel to particularize an exception will not preclude this court from correcting the error. Brasfield v. United States, 272 U.S. 448, 450 [47 S.Ct. 135, 71 L. Ed. 345]."

For the reasons set forth herein, I would reverse and remand for a new trial.